## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Jena L. Schantz, | : | Case No. 2:16-cv-0028 |
| | : | |
| Plaintiff, | : | Judge Edmund A. Sargus |
| | : | |
| v. | : | Magistrate Judge Terence P. Kemp |
| | : | |
| Peregrine Health Services, Inc. | : | |
| dba Summit's Trace Healthcare | : | |
| Center, et al. | : | |
| | : | |
| Defendants, | : | |

### AGREED PROTECTIVE ORDER

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, and for good cause shown, Plaintiff Jena L. Schantz and Defendants Peregrine Health Services, Inc. d/b/a Summit's Trace (hereafter "Peregrine"), Robert Griggs, Clynthia Smith and Renee Hunt (collectively, "Defendants") (hereinafter collectively referred to as "the Parties"), by counsel, hereby stipulate to the entry of the following Agreed Protective Order (the "Protective Order").

**I.     Scope.** The Parties hereby designate as "CONFIDENTIAL" any documents which Plaintiff or Defendants deem deserving of the protections of this Order, including, but not limited to, personnel records, including employment applications, payroll and performance documents, and other files concerning current, former or prospective employees; references to clients and/or patients; client and/or patient medical records and protected health information, Plaintiff's or Plaintiff's daughter's medical records; trade secrets; financial statements and records; records related to any internal or external investigation; and other confidential and/or proprietary information or business records.

**II.    Form and Timing of Designation.** Confidential documents shall be so designated by placing or affixing the word CONFIDENTIAL on the document in a manner which will not

interfere with the legibility of the document. Documents shall be designated CONFIDENTIAL prior to, or contemporaneously with, the production or disclosure of the documents. Documents that have already been produced in discovery may be designated CONFIDENTIAL within 14 days of the entry of this Order by notification to opposing counsel in writing, specifying the documents so designated by their production or control numbers. Inadvertent or unintentional production of documents without prior designation as confidential shall not be deemed a waiver, in whole or in part, of the right to designate documents as CONFIDENTIAL as otherwise allowed by this Order.

**III.** **Depositions.** The Parties agree that if documents designated CONFIDENTIAL are used as exhibits in any depositions, the specifically pertinent pages of the transcript of any such deposition, and all copies thereof, shall be deemed and marked CONFIDENTIAL. Where practical, the party making such a designation will indicate the pages or sections of the transcript that are to be treated as confidential.

**IV.** **Protection of Confidential Material.**

    *A.* *General Protections*. Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the Parties or counsel for the Parties or any other persons identified below for any purposes other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation).

    *B.* *Control of Documents*. Counsel for the Parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this order.

    *C.* *Copies*. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL under this

Order or any portion of such a document, shall be immediately affixed with the designation CONFIDENTIAL if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

    **D.**    ***Protections for General Use and Disclosure.*** Confidential documents shall be used solely in connection with and only as necessary to the litigation of this matter and any related appellate proceeding and not for any other purpose, whether business or social in nature. The substance or content of documents designated as CONFIDENTIAL may only be disclosed to people listed in this paragraph pursuant to the terms and conditions of this Protective order. Counsel shall inform such persons of this Protective Order and its contents.

Documents designated as CONFIDENTIAL:

    **1.**    Shall be disclosed by the parties to no one except the parties, their attorneys (including the staff, secretarial and clerical personnel of such counsel), any court reporters utilized in the case, any experts or consultants retained by the parties, and to witnesses in preparation for or at deposition, or to witnesses in preparation for or at trial.

    (i)    Any person listed above, except a party and his/her attorney of record (including respective staff), to whom "CONFIDENTIAL" information will be provided shall first agree to abide by the terms of this Protective Order by signing the Acknowledgement and Non-Disclosure Agreement appended hereto.

    (ii)    In no event shall a witness be permitted to retain a CONFIDENTIAL document or any copies thereof.

    **2.**    Shall be maintained in confidence by the parties and their attorneys, experts and consultants;

    **3.** Shall be used only for the purpose of this litigation by the parties and their attorneys, experts and consultants; and

    **4.** Shall not otherwise be disclosed or used by the parties, their attorneys, experts and consultants.

  *E.* ***Procedure for Dispute as to Confidentiality of Document.*** Either party may bring before the Court, for ruling thereon, any problems or difficulties which arise as a result of this Order, or for the purpose of modifying the Order, or for an Order declaring documents designated confidential by a party as not being confidential. Until the Court rules on any motion related to confidentiality of documents, documents designated as CONFIDENTIAL will remain confidential under the terms of this Agreed Protective Order.

  *F.* ***Protections for Use at Deposition or Hearing.*** Whenever documents designated CONFIDENTIAL are to be referred to or disclosed in a deposition or hearing, either Party may exclude from the room any person who is not entitled to receive such information pursuant to this Protective Order. Use of documents designated CONFIDENTIAL during litigation will be subject to the ruling by the presiding judge. This agreement does not affect the use of any documents or information at trial.

  Notwithstanding any other provision of this Order, it has no effect upon, and shall not limit or restrict, any party's use of documents from its own files or its own Confidential Information.

  *G.* ***Inadvertent Production of Confidential or Privileged Documents***. Subject to any ruling by the Court to the contrary, any inadvertent production of confidential documents or documents protected from disclosure by the attorney-client privilege or the attorney work-product doctrine is not intended to be, and shall not operate as, a waiver, whether in whole or

part, of any producing party's claim of confidentiality or attorney-client or work-product privileges. Nor is such inadvertent production intended to be, nor shall it constitute, a waiver of any right by a producing party to object to the use of the document or of the information contained therein.

Within 14 business days of receiving written notice of the inadvertent production, the party receiving the production shall return all documents or information that are subject to a claim of privilege to the producing party. In the event that only part of a document is claimed to be privileged, the producing party shall return redacted copies of such document, removing only the part(s) thereof claimed to be privileged, to all parties within 14 days of the receiving party returning the document.

If prior to receiving notice of an inadvertent production, the receiving party has disclosed the information to any other person or entity, the receiving party shall arrange for retrieval and return of the privileged documents or information from that person or entity. In the event there is a dispute as to whether the document is protected by a privilege, the receiving party shall not use the document or share it with any other person or entity unless and until this Court rules that the document is not protected by any privilege. No provision of this Protective Order shall be construed to require the production of any documents or information covered by any privilege.

      **H.**    ***Filing of Confidential Materials.***  If any material to be filed with the Court will contain documents designated CONFIDENTIAL, the filing party shall (1) upon a showing of good cause, seek leave of Court to file the document(s) under seal; (2) if leave is granted, file the document(s) electronically with all attachments that do not contain documents designated CONFIDENTIAL with this Court, and then separately electronically file all unredacted versions of those documents designated CONFIDENTIAL as sealed documents, linking this filing back to

the Protective Order.  The filing party shall also mail, hand deliver or electronically mail encrypted with a password to the opposing party the unredacted versions of those attachments.

   *I.*  *Public Information.*  Any information which has been designated as confidential and was also legally and properly within the public domain prior to its being designated confidential need not be treated as Confidential Information. However, if such Confidential Information became available to the public as a result of any improper conduct or in violation of any contract or court order, such Confidential Information shall still be treated as confidential under this Protective Order.

   *J.*  *Treatment on Conclusion of Litigation.*

     **1.**  **Order Remains in Effect.**  All provisions of this Order restricting the use of documents designated CONFIDENTIAL shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

     **2.**  **Return of CONFIDENTIAL Documents.**  Within sixty (60) days after the conclusion of the litigation, whether by judgment, settlement, or conclusion of proceedings on appeal, and at the written request of the producing party, each party shall return any material containing the designation of CONFIDENTIAL to counsel for the opposing party unless the Parties stipulate to destruction in lieu of return. Notwithstanding the foregoing, the counsel of record may retain all correspondence, depositions, pleadings, briefs, memoranda, motions, and other documents containing attorney-client privileged materials and/or attorney work product that refers to or incorporates the documents designated CONFIDENTIAL and will continue to be bound by the terms of this Protective Order with respect to the retained information.

**V.** **Order Subject to Modification.** This Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order.  The Order shall not, however, be modified until the Parties have been given notice and an opportunity to be heard on the proposed modification; or upon agreement of the undersigned attorneys for the parties in the form of a stipulation that shall be filed in this case.

**VI**. **No Judicial Determination.**  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

**VII**. **Effective Date.** This Protective Order shall become effective immediately upon its entry by the Court in this action.

*IT IS SO ORDERED.*

SO ORDERED THIS   27th   DAY OF OCTOBER 2016:

                                          /s/ Terence P. Kemp
                                          United States Magistrate Judge

Service will be made electronically on all ECF-
registered counsel of record via e-mail
generated by the court's ECF system.

Respectfully Submitted,

| | |
|---|---|
| */s/ Laren E. Knoll* | */s/ William J. Barath* |
| Laren E. Knoll (0070594) | William J. Barath (0041197) |
| The Knoll Law Firm, LLC | ICE MILLER LLP |
| 7240 Muirfield Drive, Suite 120 | 250 West Street |
| Columbus, OH 43220 | Columbus, Ohio 43215 |
| Phone: 614-372-8890 | Phone: 614-462-2700 |
| Facsimile:614-442-8718 | Facsimile: 614-462-5135 |
| Email: lknoll@knolllaw.com | Email: William.Barath@icemiller.com |
| | |
| *Trial Attorney for Plaintiff* | *Trial Attorney for Defendants Peregrine* |
| *Jena L. Schantz* | *Health Services, Inc. d/b/a Summit's Trace* |
| | *Healthcare Center, Robert Griggs, Clynthia* |
| | *Smith and Renee Hunt* |

*/s/Kelly Boggs Lape*
Robert D. Weisman (0024460)
Kelly Boggs Lape (0070023)
ICE MILLER LLP
250 West Street
Columbus, Ohio 43215
Phone: 614-462-2700
Facsimile: 614-462-5135
Email: Robert.Weisman@icemiller.com
       Kelly.Lape@icemiller.com

*Co-Counsel for Defendants*

## PROTECTIVE ORDER ACKNOWLEDGEMENT
## AND NONDISCLOSURE AGREEMENT

The undersigned has read and understands the Agreed Protective Order issued by the United States District Court for the Southern District of Ohio (the "Court") in the case captioned *Jena Schantz v. Peregrine Health Services, Inc. et al.,* Case No. 2:16-cv-0028.  I agree that I will not disclose any information received by me pursuant to the Agreed Protective Order, and I will comply with and be bound by the terms and conditions of said Agreed Protective Order unless and until modified by further order of the Court.

I further agree and understand that my obligation to honor the confidentiality of such information or documents will continue even after the termination of that case.  I further agree and understand that, in the event that I fail to abide by the terms of the Agreed Protective Order, I may be subject to sanctions, including sanctions by way of contempt of court for such a failure.  I hereby consent to the jurisdiction of the Court solely for purposes of enforcing said Agreed Protective Order.

Dated: _____          Signature: _____

                                                       Printed Name: _____

                                                       Address: _____